# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLSTATE PROPERTY AND CASUALTY  )
INSURANCE CO.,                                            )
                                                                          )
               Plaintiff,                               )
                                                                          )   2:13-cv-01763-RCJ-PAL
     vs.                                                          )
                                                                          )   **ORDER**
MERCURY PLASTICS,                                  )
                                                                          )
               Defendant.                          )
                                                                          )

       This subrogation action arises out of damage caused to a residence and its contents when a water supply line failed. Defendant has asked the Court to transfer the case to the Northern District of Ohio or, in the alternative, to stay the case until that a court of that district makes certain rulings that might affect the present case. For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

       Defendant Mercury Plastics, Inc. ("Mercury") designed, manufactured, marketed, and sold a plastic water supply line (the "Line") installed in a house owned by non-party Zarzand Galstain and located in Clark County, Nevada. (*See* Compl. ¶¶ 3, 7, ECF No. 1-2, at 6). On or before June 20, 2012, the Line broke while Galstain was out of town, permitting water to leak into the house, which in turn caused substantial damage to Galstain's real and personal property. (*Id.* ¶ 8). Galstain submitted insurance claims to Plaintiff Allstate Property & Casualty Insurance Co. ("Allstate"), who paid over $800,000 on the claim. (*Id.* ¶¶ 10–11).

Allstate sued Mercury in Nevada state court for subrogation under theories of strict liability and negligence on August 21, 2013. (*See id.* 1). Two days later, Mercury sued Allstate in Ohio state court (the "Ohio Case") for a declaration that Allstate was not subrogated to any potential claims by Galstain, and that the Line was not defective, in any case. (*See* Ohio Compl. ¶¶ 16–19, ECF No. 15-1, at 2). Allstate removed the Ohio Case on September 20, 2013. (*See* Notice Removal, ECF No. 1 in Case No. 1:13-cv-2097, N. D. Ohio). Mercury removed the present case six days later. (*See* Pet. Removal, ECF No. 1). Mercury has asked the Court to stay the present case or transfer it to the Northern District of Ohio under the first-to-file rule.

## II.   LEGAL STANDARDS

"The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (citing *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970)). In such a situation, the first judgment pronounced prevents, or can be made to prevent, any contrary judgment in the parallel case via the Full Faith and Credit Act if the state court enters judgment first, *see* 28 U.S.C. § 1738, or via the All Writs Act if the federal court enters judgment first, *see* 28 U.S.C. § 1651(a). On the other hand, although a defendant in a first action may file a second action as a plaintiff in another court to determine the same controversy, a plaintiff may not harass a defendant by filing identical, simultaneous actions in separate courts, which practice is referred to as "claim splitting." *Adams v. Dep't of Cal. Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). In such a case, any claims in the later-filed action that would be precluded were the earlier-filed action final should be dismissed. *See id.*

Even where the anti-claim-splitting rule does not apply, the first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Apple, Inc. v. Psystar Corp.*, 658 P.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th

Cir. 1982)). A district court has discretion in applying the rule in furtherance of considerations such as judicial efficiency. *See Pacesetter*, 678 F.2d at 95.

## III. ANALYSIS

There is no claim splitting here, as there can be no dispute that Allstate filed the present case for subrogation based upon an underlying product defect before Mercury filed the Ohio Case seeking declaratory judgment as to the very same issues. Mercury does not argue that Allstate has brought counterclaims in the Ohio Case duplicative of its claims in the present case, and even if Allstate were to do so, it is the putative counterclaims in the Ohio Case that would have to be dismissed under the anti-claim-splitting rule, because that case was filed second. Nor can Mercury avail itself of the first-to-file rule, as the present complaint was indisputably filed before the Ohio Case.

Mercury argues that the Court should give weight to the fact that Ohio Case was removed before the present case was. That fact deserves no weight. The state courts of general jurisdiction of Nevada and Ohio in which the respective cases were filed had concurrent jurisdiction. The respective filing dates in those courts therefore control the first-to-file analysis, and the Court should apply the rule accordingly, unless other factors counsel against applying the rule. *See Pacesetter*, 678 F.2d at 95. The respective dates of removal do not counsel against applying the rule. On the contrary, considering the respective dates of removal would only serve to encourage forum-shopping. That is, if the removal date were dispositive, or even important, the plaintiff in an earlier action might chose to file his complaint in federal court rather than state court out of fear that the defendant might negate the fact that the plaintiff filed first by filing a second action in federal court (potentially in another district or state) and then later removing the plaintiff's earlier action to federal court, as well. The rule would be transformed into a race to a federal forum rather than a race to file generally, and the more diligent plaintiff's choice of forum would be frustrated.

1        In summary, the Court denies the motion.  The present action may proceed concurrently
2   with the Ohio Case (as far as this Court is concerned).  Even if the complaint in the Ohio Case
3   could be read to include some sort of breach of contract claim—i.e., that Allstate has failed to
4   comply with a dispute resolution procedure to which it and Mercury have impliedly agreed—that
5   has nothing to do with whether the claims in the present case were filed before certain other
6   identical claims in the Ohio Case.  If the Ohio court were to enter judgment on some issue
7   relevant to the present case, the Court would of course honor that judgment going forward.  But
8   that has not happened, and there is no good reason to stay the present case in the meantime.
9   Allstate has the right to proceed expeditiously in its chosen forum.
10       Nor will the Court transfer under 28 U.S.C. § 1404(a).  Allstate's choice of forum and the
11  fact that it filed first heavily outweigh any other considerations.  Anyway, none of the factors
12  weigh in favor of transfer.  This Court will be more familiar with the governing law for the
13  underlying defects issues, as the damage occurred in Nevada, and in subrogation claims, the
14  important relationship is that between the tort victim and the tortfeasor, because the putative
15  subrogor's relationship to the matter is only through his contacts with the tort victim, not any
16  contacts with the putative subrogee.  Therefore, even if Galstain's insurance contract with
17  Allstate was centered in a state other than Nevada (which is extremely unlikely), that fact would
18  not avail Mercury here.  Both Allstate and Mercury have contact with both states, but the claims
19  arise out of events occurring in Nevada (both the place of damage and the center of the insurance
20  relationship), not Ohio.  The costs of litigation will be nearly the same in either forum.  The
21  evidence of the damage and any witnesses are likely in Nevada.  The only connections of the case
22  with Ohio is that Mercury resides there and Mercury's allegedly wrongful acts may have
23  occurred there.
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Stay or Transfer (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated May 27, 2014.

_____
ROBERT C. JONES
United States District Judge